NITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

BRIAN A. PERRI,

                Petitioner,

            v.

WARDEN OF F.C.I. FORT DIX,

                Respondent.

Civil Action No. 24-6767 (KMW)

**MEMORANDUM ORDER**

      This matter comes before the Court on Petitioner Brian Perri's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Following an order to answer, the Government filed responses to the petition (ECF No. 3), to which Petitioner replied. (ECF Nos. 5-6.) By way of background, at the time he filed his petition, Petitioner was a federal prisoner confined at FCI Fort Dix. (ECF No. 1 at 1.) Through his petition, Petitioner seeks to challenge the BOP's decision that Petitioner should only receive 180 days rather than 12 months' prerelease placement in a residential facility. (*Id.*; ECF Nos. 5-6.) Thus, Petitioner seeks either a recommendation from this Court that Petitioner be placed in a residential facility for 12 months prior to his release date or to have the BOP reconsider its decision and ultimately award him 12 months placement in a residential facility.

      In its response to the petition, the Government provided documents which indicated that Petitioner's final release date from prison was scheduled in the spring of 2025, and that Petitioner was scheduled to be placed in a residential facility on or about September 13, 2024. (*See* ECF No. 3-1 at 1.) It appears that Petitioner was, in fact, moved to a residential facility in September 2024 as the BOP's publicly accessible inmate locator system now indicates that Pettioner has been placed in a residential facility under the oversight of the Philadelphia Residential Reentry Office.

It thus appears that Petitioner has now been placed in a residential facility for the remainder of his prison term, and any recommendation of this Court or order as to expanded residential placement would have no effect upon Petitioner's remaining sentence.

Under Article III of the Constitution, federal courts will only have jurisdiction over a matter where there is a live case or controversy to be resolved. *See, e.g., Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings [and for jurisdiction to exist the] parties must continue to have a 'personal stake in the outcome of the lawsuit.'" *Id.* (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990)). Thus, once a prisoner is released from prison, a habeas challenge to some aspect of his prison confinement will become moot absent a redressable, continuing, and concrete injury which persists after his release. *Id.*; *see also Burkey v. Marberry*, 556 F.3d 142, 146-50 (3d Cir. 2009). In this case, it appears that Petitioner has now been placed into a residential facility for the remainder of his sentence, and that any order of this Court as to the BOP's prior placement decision would have no effect upon Petitioner's remaining sentence and that Petitioner has essentially now received what he sought in his petition – to spend the remainder of his sentence in a residential facility rather than prison. Therefore, Petitioner's habeas petition would be moot to the extent he has in fact already been placed in a residential facility. The Government shall therefore provide this Court with an update as to Petitioner's detention status – specifically whether he has now been placed in a residential or home confinement placement for the remainder of his sentence – within seven days and shall further advise the Court of whether the Government would now contend that this matter has become moot. Petitioner may thereafter file a response within seven days of the Government's filing.

**IT IS THEREFORE** on this 21st day of October, 2024,

**ORDERED** that the Government shall provide the Court with an update as to Petitioner's current detention status within seven days; the Government's response shall both address whether Petitioner has been placed into a residential reentry facility or home confinement and whether the Government believes this matter is now moot; and it is further

**ORDERED** that Petitioner may file a response within seven days of the Government's filing; and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon the Government electronically and upon Petitioner by regular mail.

*Karen M. Williams*
Hon. Karen M. Williams,
United States District Judge