NITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

BRIAN A. PERRI,

               Petitioner,

               v.

WARDEN OF F.C.I. FORT DIX,

               Respondent.

Civil Action No. 24-6767 (KMW)

**MEMORANDUM ORDER**

      This matter comes before the Court on Petitioner Brian Perri's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Following an order to answer, the Government filed responses to the petition (ECF No. 3, 8), to which Petitioner replied. (ECF Nos. 5-6.) By way of background, at the time he filed his petition, Petitioner was a federal prisoner confined at FCI Fort Dix. (ECF No. 1 at 1.) Through his petition, Petitioner sought to challenge the BOP's decision that he should only receive 180 days rather than 12 months' prerelease placement in a residential facility. (*Id.*; ECF Nos. 5-6.) Petitioner thus sought either a recommendation from this Court that Petitioner be placed in a residential facility for 12 months prior to his release date or to have the BOP reconsider its decision and ultimately award him 12 months placement in a residential facility.

      In providing its answer, the Government provided documents which indicated that Petitioner's final release date from prison was scheduled in the spring of 2025, and that Petitioner was scheduled to be placed in a residential facility on or about September 13, 2024. (*See* ECF No. 3-1 at 1.) Because BOP public records indicated that that Petitioner was moved to a residential facility in September 2024 this Court directed the Government to address whether this matter had become moot. (ECF No. 7.)

On October 28, 2024, the Government filed its response to that order. (ECF No. 8.) In that response, the Government confirmed that Petitioner was transferred to a residential reentry center on September 17, 2024. (*Id.*) The Government also provided a certification confirming this transfer. (ECF No. 8-1.) In light of Petitioner's transfer to a residential re-entry center, the Government contends that this matter has become moot as Petitioner can no longer receive the relief he sought – an earlier placement in a residential facility. Petitioner did not timely file a response to that letter. (ECF Docket Sheet.)

Under Article III of the Constitution, federal courts will only have jurisdiction over a matter where there is a live case or controversy to be resolved. *See, e.g., Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings [and for jurisdiction to exist the] parties must continue to have a 'personal stake in the outcome of the lawsuit.'" *Id.* (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990)). Thus, once a prisoner is released from prison, a habeas challenge to some aspect of his prison confinement will become moot absent a redressable, continuing, and concrete injury which persists after his release. *Id.*; *see also Burkey v. Marberry*, 556 F.3d 142, 146-50 (3d Cir. 2009). In this case, Petitioner has now been placed into a residential facility for the remainder of his sentence, and any order of this Court as to the BOP's prior placement decision would have no effect upon Petitioner's remaining sentence as Petitioner has now received what he sought in his petition – to spend the remainder of his sentence in a residential facility rather than prison. Petitioner's habeas petition is therefore moot and must be dismissed without prejudice as such.

**IT IS THEREFORE** on this 27th day of November, 2024,

**ORDERED** that Petitioner's habeas petition (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** as moot; and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon the Government electronically and upon Petitioner by regular mail, and shall **CLOSE** the file.

*Karen M. Williams*
Hon. Karen M. Williams,
United States District Judge

3